AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 27 2017
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| United States of America<br>v.<br>**PETER SKLADZIEN**<br>Manor House Apartments, 117 Demontluzin Ave.,<br>Apt. 4D<br>Bay St. Louis, Mississippi 39520<br><br>*Defendant(s)* | )<br>)<br>)  UNDER SEAL<br>)  Case No. 1:17mj17-JCG<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 21, 2016__ in the county of __Hancock__ in the __Southern__ District of __Mississippi__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252 and 2252A | Peter Skladzien Knowingly (sc) transported, shipped, received, distributed, reproduced and possessed visual images of minors, using any means or facility of interstate or foreign commerce, including by computer, depictions of minors engaging in sexually explicit conduct. |

This criminal complaint is based on these facts:
See Attached Affidavit of Special Agent Brent Druery attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

_____
Complainant's signature

SA Brent Druery, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/27/2017

_____
Judge's signature

City and state: Gulfport, Mississippi

Hon. John C. Gargiulo, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

After first being duly sworn, I, Brent Druery, do hereby state as follows:

1.I am a Special Agent (SA) with Homeland Security Investigations (HSI), presently assigned to the Office of the Resident Agent in Charge, Gulfport, Mississippi. I have been a Special Agent since November 2002. I have conducted numerous investigations into various crimes in which the Internet has been utilized to further the crimes. I have training and experience in investigating all aspects of Internet investigations to include identifying, and conducting search warrants relating to e-mail accounts, servers, IP Addresses, and providers of e-mail accounts and other Internet services.

2.This affidavit is based upon my conversations with other law enforcement agents and sources and upon their examination of various transcripts, reports, and other records. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support an arrest warrant, it does not include all the facts that have been learned during the course of the investigation. When the contents of documents and statements of others are reported herein, they are reported in substance and part unless otherwise indicated. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3.Based upon my personal knowledge and information I have received from others involved in the investigation, I am aware of the following facts:

4.In April 2016, HSI received information pertaining to suspicious international travel by Peter SKLADZIEN to Thailand, a known sexual tourism destination. SKLADZIEN

gave two versions for the reason of travel to National Aeronautics and Space Administration (NASA) security personnel. The information received also pertained to the use of a PayPal account to view webcam shows involving under age children. SKLADZIEN is a NASA contract employee working in the Information Technology field. An examination of NASA email records of SKLADZIEN indicated he did travel to Thailand in April 2016.

5. On June 21, 2016, SKLADZIEN was interviewed by HSI SA Wes Anthony and NASA, Office of Inspector General (OIG) SA Mike Ball. During the interview, SKLADZIEN denied viewing or downloading any images or videos that depicted the sexual exploitation of children. However, he did admit to having a PayPal account with associated the email address that belonged to him. SKLADZIEN said he made payments to adult females online, through an online adult webcam service called Chaturbate. He also confirmed he traveled to Thailand in April 2016 to see his girlfriend. SKLADZIEN consented to the imaging and search of all of his home computers.

6. The home computers belonging to SKLADZIEN were examined by NASA OIG for evidence relating to the sexual exploitation of children. There was approximately 5.3 TB of storage on a total of 7 computer systems provided by SKLADZIEN.

7. On August 17, 2016, 3,504 photographs and 11 videos from the examination of these media items were submitted to the National Center for Missing and Exploited Children (NCMEC). On September 20, 2016, the NCMEC provided a report detailing the review of these photographs, which identified 325 photographs from 51 Known Child Victim (KCV) series.

8. All of the photographs identified by NCMEC to depict the sexual exploitation of minors were found to be from three of the seven computer systems from SKLADZIEN's residence. The dates of the files ranged from December 7, 2011 to May 23, 2015.

9. On November 15, 2016, a second interview was conducted with SKLADZIEN. SKLADZIEN was informed that child pornography was found on his home computers. SKLADZIEN eventually admitted, first, to looking at kids in "sexy outfits" and "sexy clothes," and then later admitted to seeing photographs of nude children. SKLADZIEN was advised the children in negligee, bathing suits, and thongs were commonly referred to as "child erotica."

10. SKLADZIEN claimed the visits to the child erotica sites were in the 2014 and 2015 timeframe. SKLADZIEN initially said he did not return to the child erotica websites, he later said he possibly went to the child erotica websites around 20 times. SKLADZIEN stated the ages of the individuals in the child erotica photographs were thirteen and above. SKLADZIEN confessed that he viewed photographs of nude children in other settings. SKLADZIEN admitted to clicking on the thumbnail image to view the full size photographs of the nude children.

11. SKLADZIEN claimed he viewed these photographs not because the photographs were sexually arousing, but more out of shock and curiosity. SKLADZIEN admitted to surfing to child pornography websites back in 2015. SKLADZIEN admitted the child erotica websites aroused him "a little bit," but he couldn't live with himself in continuing to view these websites. He claimed it was "just by circumstance" that he would run across the child pornography. SKLADZIEN claimed it was "very seldom" that he ran across a nude photograph on the child erotica websites.

12. Based on the aforementioned information, On December 12, 2016, HSI Special Agent Todd Key applied for and received federal search warrants for SKLADZIEN's office and residence. On December 14, 2016, HSI Gulfport with assistance from NASA OIG, executed the

search warrants. HSI Gulfport seized numerous computers, laptops, hard drives, thumb drives, and other electronic media from both SKLADZIEN's residence and office.

13. On February 17, 2017, Attorney Samuel Chris Johnson, representing SKLADZIEN, met with AUSA Glenda Haynes, HSI Special Agent Todd Key, and NASA OIG Special Agents Mike Ball and Cameron Chabreck at the HSI office in Gulfport, Mississippi. During this meeting, Johnson was advised there were approximately 325 photographs of known child pornography found on SKLADZIEN's devices from the consent search conducted in June 2016. Johnson was also advised approximately 12,000 images were sent to NCMEC as a result of the search warrant executed at SKLADZIEN's residence and office on December 14, 2016. The results of that request have not been received from NCMEC at this time.

14. On February 26, 2017, HSI Special Agent Todd Key received a notification that SKLADZIEN is scheduled to depart Houston International Airport on February 27, 2017, 11:40 pm, flight BR 51 to Taiwan.

15. Based on the experience of your affiant and the facts and circumstances described in this affidavit, it is believed by your affiant that Peter SKLADZIEN, has committed violations of 18 USC Title 2252(a), which prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce; and Title 18, United States Code, Section 2252A, which prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child

pornography was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.

_____
Special Agent Brent Druery
Homeland Security Investigations

Sworn to and subscribed before me on the 27 day of February 2017.

_____
United States Magistrate Judge